UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

---

TARELLE DAVIS,

           Plaintiff,

    v.

HERTZ CORPORATION, JULISSA
MULENTES, and VALENTINA GONZALEZ,

           Defendants.

**MEMORANDUM & ORDER**
24-CV-08247 (HG) (LB)

---

**HECTOR GONZALEZ**, United States District Judge.

*Pro se* Plaintiff Tarelle Davis filed the instant employment discrimination complaint on November 21, 2024.[1] *See* ECF No. 1 (Compl.). Plaintiff's request to proceed *in forma pauperis* is granted. *See* ECF No. 2. For the reasons explained herein, Plaintiff's Complaint is dismissed for failure to state a claim upon which relief may be granted. However, in deference to Plaintiff's *pro se* status, the Court will permit him to file an amended complaint to attempt to address the defects identified in this Order on or before January 27, 2025.

## BACKGROUND

Plaintiff's complaint is difficult to decipher.[2] Although Plaintiff has filed this action using the Court-supplied form for employment discrimination, he has failed to check any box

---

[1] The Court refers to the pages assigned by the Electronic Case Files system ("ECF"). Unless otherwise indicated, when quoting cases, all internal quotation marks, alteration marks, emphases, footnotes, and citations are omitted. Direct quotes from Plaintiff's papers standardize capitalization.

[2] Although Plaintiff's name appears to be "Tarelle Davis," Plaintiff also identifies "Latrell Davis" as a plaintiff. *See* ECF No. 1 at 2. It is unclear if Latrell Davis is a different person. As relevant here, if Latrell Davis is Tarelle Davis's minor child, and Tarelle intends to bring claims on behalf of Latrell, Tarelle must obtain a lawyer to represent Latrell, or the claims brought on behalf of the child will be dismissed. *See Cheung v. Youth Orchestra Found. of Buffalo, Inc.*, 906 F.2d 59, 61 (2d Cir. 1990) ("[A] non-attorney parent must be represented by counsel in

indicating, by identifying the statute under which he seeks relief, the basis on which this Court may exercise its limited subject-matter jurisdiction. *See* ECF No. 1 at 3–4.[3] However, in the body of the Complaint, Plaintiff indicates discrimination based on race (African-American) and color (Black). *See id.* at 12. Plaintiff also indicates "disability or perceived disability" as "affiliation [with] individuals in the music business industry." *See id.*

Plaintiff alleges to have been hired at a Hertz location in Queens around July 2024. *See id.* at 3–4. He has since been terminated. *See id.* at 4. Plaintiff appears to suggest that there is a "separate" car detailing company at the at-issue Hertz location, that he was "forced" to clean cars at that company, and that when Plaintiff refused to do so, someone was sent "to threaten" him and his child. *See id.* at 5, 12. Plaintiff appears to suggest that he did in fact clean cars with "trash and bugs inside" them, and that as a result, he brought bugs home, causing physical injuries and the loss of clothing and household furniture. *See id.* at 5, 15–16. Plaintiff further alleges that unknown individuals are trying to "discredit [his] name and destroy any opportunities . . . for success," something Plaintiff says that he has brought to the FBI's attention. *See id.* at 5. Plaintiff vaguely suggests that at least some of these issues "go[] back as far as 1993." *See id.* at 16. On October 18, 2024, the Equal Employment Opportunity Commission issued a right-to-sue letter. *See id.* at 18–21. This case followed. Plaintiff demands money damages. *See id.* at 15–16.

---

bringing an action on behalf of his or her child."); *accord Medas-King v. Davson*, No. 24-cv-1812, 2024 WL 4171024, at *2 (E.D.N.Y. Sept. 11, 2024). At least for now, the Court construes the Complaint as asserting claims only on Tarelle's behalf.

[3]     The federal statutes specifically available for selection are Title VII of the Civil Rights Act, the Americans with Disabilities Act ("ADA"), and the Age Discrimination in Employment Act ("ADEA"). *See* ECF No. 1 at 3–4.

2

**LEGAL STANDARD**

A complaint must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007).  A claim is plausible "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Matson v. Bd. of Educ.*, 631 F.3d 57, 63 (2d Cir. 2011) (quoting *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009)).  Although all allegations contained in the complaint are assumed to be true, this tenet is "inapplicable to legal conclusions."  *Iqbal*, 556 U.S. at 678.  In reviewing a *pro se* complaint, the court must be mindful that the plaintiff's pleadings should be held "to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007); *see also Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009) (noting that even after *Twombly*, courts "remain obligated to construe a *pro se* complaint liberally").

In addition to requiring sufficient factual matter to state a plausible claim for relief, pursuant to Rule 8 of the Federal Rules of Civil Procedure, the plaintiff must provide a short, plain statement of claim against each defendant named so that they have adequate notice of the claims against them.  *Iqbal*, 556 U.S. at 678 (Rule 8 "demands more than an unadorned, the-defendant-unlawfully-harmed-me accusation.").  A pleading that only "tenders naked assertions devoid of further factual enhancement" will not suffice.  *Id.*  To satisfy this standard, the complaint must, at a minimum "disclose sufficient information to permit the defendant to have a fair understanding of what the plaintiff is complaining about and to know whether there is a legal basis for recovery." *Kittay v. Kornstein*, 230 F.3d 531, 541 (2d Cir. 2000).

Under 28 U.S.C. § 1915(e)(2)(B), a district court shall dismiss an *in forma pauperis* action where it "(i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief."

## **DISCUSSION**

Plaintiff purports to bring claims for employment discrimination. However, no allegations in Plaintiff's complaint support plausible claims for discrimination under Title VII or the ADA.[4]

Beginning with Title VII, the statute prohibits an employer from discriminating against any individual with respect to "compensation, terms, conditions, or privileges of employment, because of such individual's race, color, religion, sex, or national origin." 42 U.S.C. § 2000e-2(a)(1). A plaintiff asserting a Title VII discrimination claim must allege facts showing that "(1) the employer took adverse action against him and (2) his race, color, religion, sex, or national origin was a motivating factor in the employment decision," which can be shown "by alleging facts that directly show discrimination or facts that indirectly show discrimination by giving rise to a plausible inference of discrimination." *Vega v. Hempstead Union School Dist.*, 801 F.3d 72, 86–87 (2d Cir. 2015). To be sure, at the pleading stage, Plaintiff does not need to allege specific facts establishing each element of a *prima facie* case of discrimination. *Id.* at 84. But the Complaint must have facts that "plausibly suppor[t]" that "the plaintiff is a member of a

---

[4] As individuals, Defendants Mulentes and Gonzalez are not subject to liability under these statutes. *See Iwelu v. N.Y. State Off. of Mental Health*, No. 22-3096-cv, 2024 WL 2175938, at *2 n.5 (2d Cir. May 15, 2024) (no liability for individual defendants under Title VII, the ADA, or the ADEA). In addition, even construing the Complaint liberally, the pleaded facts do not suggest an age discrimination claim; thus, the Court does not address the ADEA. *See Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 477 (2d Cir. 2006) ("[W]e cannot read into *pro se* submissions claims that are not consistent with the *pro se* litigant's allegations, or arguments that the submissions themselves do not suggest . . . .").

4

protected class, was qualified, suffered an adverse employment action, and has at least minimal support for the proposition that the employer was motivated by discriminatory intent." *Johnson v. Andy Frain Servs., Inc.*, 638 F. App'x 68, 70 (2d Cir. 2016).  Here, aside from alleging that he belongs to a protected class and was fired, Plaintiff offers no such allegations in his Complaint, and he consequently fails to state a plausible Title VII claim.  Membership in a protected class, standing alone, does not render his termination racially discriminatory.  *See Ochei v. The Mary Manning Walsh Nursing Home Co.*, No. 10-cv-2548, 2011 WL 744738, at *3 (S.D.N.Y. Mar. 1, 2011) (describing this form of pleading as a "false syllogism").

   Second, the ADA provides that "[n]o covered entity shall discriminate against a qualified individual on the basis of disability in regard to job application procedures, the hiring, advancement, or discharge of employees, employee compensation, job training, and other terms, conditions, and privileges of employment."  42 U.S.C. § 12112(a).  Disability is defined in the statute as "(1) a physical or mental impairment that substantially limits one or more major life activities of [an] individual; or (2) a record of such an impairment; or (3) being regarded as having such an impairment."  *Id.* § 12102(1).  To make out a *prima facie* case of disability discrimination, a plaintiff must show that (1) the employer is subject to the ADA; (2) the plaintiff was a person with a disability within the meaning of the ADA; (3) the plaintiff was otherwise qualified to perform the essential functions of his job, with or without reasonable accommodation; and (4) the plaintiff suffered an adverse employment action because of his disability.  *See McMillan v. City of New York*, 711 F.3d 120, 125 (2d Cir. 2013).  Again, although Plaintiff need not allege specific facts establishing each element of the *prima facie* case, *see Bledsoe v. Delta Air Lines, Inc.*, No. 23-cv-03146, 2024 WL 1142321, at *7 (E.D.N.Y. Mar. 15, 2024), his claim is fundamentally defective because "affiliation [with] individuals in the

5

music business industry," ECF No. 1 at 12, is not a disability and cannot otherwise form the basis of an ADA claim. *Cf., e.g.*, *Graham v. Goodwill Indus. Inc.*, No. 16-cv-6468, 2018 WL 1318988, at *3 n.2 (E.D.N.Y. Mar. 14, 2018) (inability to work with coworkers not a disability).

In his Complaint, Plaintiff also checked the box for retaliation as a form of "discriminatory conduct." *See* ECF No. 1 at 4. To state a Title VII retaliation claim, Plaintiff must plausibly allege that "(1) [Hertz] discriminated—or took an adverse employment action—against him, (2) because he has opposed any unlawful employment practice." *Vega*, 801 F.3d at 90. Similarly, the elements of an ADA retaliation claim are: "(i) a plaintiff was engaged in protected activity; (ii) the alleged retaliator knew that plaintiff was involved in protected activity; (iii) an adverse decision or course of action was taken against plaintiff; and (iv) a causal connection exists between the protected activity and the adverse action." *Weixel v. Bd. of Educ. of the City of New York*, 287 F.3d 138, 148 (2d Cir. 2002). Here, Plaintiff alleges that he complained of being required to clean cars, but that is not protected activity within the meaning of the statutes, which require him to plead that he opposed "an employment practice made unlawful by Title VII," *see Kelly v. Howard I. Shapiro & Assocs. Consulting Eng'rs, P.C.*, 716 F.3d 10, 14–15 (2d Cir. 2013), or the ADA, *see Natofsky v. City of New York*, 921 F.3d 337, 354 (2d Cir. 2019). Nor does he allege any connection whatsoever between engaging in protected activity and any adverse employment action, such as his firing. *See, e.g.*, *Sung v. DeJoy*, No. 22-cv-07682, 2024 WL 4107212, at *11 (E.D.N.Y. Sept. 5, 2024) (dismissing Title VII claim because the *pro se* plaintiff "ple[d] nothing to suggest that he suffered an adverse employment action because he opposed an unlawful employment practice").

The Court concludes its analysis with one final note. Plaintiff has not asserted any claims under state and local civil rights laws, including the New York State Human Rights Law

("NYSHRL"), N.Y. Exec. Law §§ 290 *et seq.*, and New York City Human Rights Law ("NYCHRL"), N.Y.C. Admin. Code 8-101 *et seq.* *See* ECF No. 1 at 4. Those laws "afford protections unavailable under federal law to discrimination plaintiffs." *See McLeod v. Jewish Guild for the Blind*, 864 F.3d 154, 157 (2d Cir. 2017). To the extent Plaintiff's factual allegations could be said to "support[] claims under the well-known anti-discrimination provisions of the NYSHRL and NYCHRL," the Court is required to consider the applicability of those claims. *Id.* In this case, though, the Court declines to exercise supplemental jurisdiction over them in light of the dismissal of the federal Title VII and ADA claims. Where, as here, "the federal-law claims have dropped out of the lawsuit in its early stages and only state-law claims remain, the federal court should decline the exercise of jurisdiction." *See Roberts v. Reg'l Neurological Assocs.*, No. 24-cv-4614, 2024 WL 5089974, at *2 (S.D.N.Y. Dec. 11, 2024) (quoting *Carnegie-Mellon Univ. v. Cohill*, 484 U.S. 343, 350 (1988)) (declining to exercise supplemental jurisdiction over state law claims following *sua sponte* dismissal of federal law claims under Section 1915(e)(2)(B)(ii)). Accordingly, to the extent Plaintiff intends to assert claims under these statutes, the Court declines to exercise supplemental jurisdiction over them and dismisses them without prejudice. *See Lawson v. 5pointz/Safety Clean (Bus.)*, No. 23-cv-05800, 2024 WL 3011199, at *3 (E.D.N.Y. June 14, 2024) (declining to exercise supplemental jurisdiction over NYSHRL and NYCHRL claims possibly arising out of *pro se* complaint following dismissal of federal claims).

## **LEAVE TO AMEND**

Considering Plaintiff's *pro se* status, he is granted until January 27, 2025, to file an amended complaint against Defendants. *See Cruz v. Gomez*, 202 F.3d 593, 597 (2d Cir. 2000). Should Plaintiff elect to file an amended complaint, he is informed that the amended complaint

7

must comply with Rule 8(a) of the Federal Rules of Civil Procedure, and it must plead a plausible claim consistent with this Order. Plaintiff is informed that an amended complaint does not simply add to the first complaint. Once an amended complaint is filed, it completely replaces the original. Therefore, Plaintiff must include in the amended complaint all the necessary information contained in the original complaint. The amended complaint must be captioned "Amended Complaint" and bear the same docket number as this Order.

## CONCLUSION

Plaintiff's Complaint, filed *in forma pauperis*, is dismissed for failure to state a claim under 28 U.S.C. § 1915(e)(2)(B)(ii), and failure to comply with Rule 8 of the Federal Rules of Civil Procedure. All further proceedings are stayed until at least January 27, 2025. If Plaintiff does not file an amended complaint on or before January 27, 2025, the Court will dismiss the Title VII and ADA claims with prejudice and any NYSHRL and NYCHRL claims without prejudice, and close this case. Plaintiff is encouraged to contact the City Bar Justice Center Federal Pro Se Legal Assistance Project at (212) 382-4743 for free, confidential, limited-scope legal assistance. The Clerk of Court is respectfully directed to mail a copy of the Memorandum and Order to Plaintiff and note the mailing on the docket. The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3), that any appeal of this Order would not be taken in good faith and, therefore, *in forma pauperis* status is denied for the purpose of an appeal. *Coppedge v. United States*, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

    */s/ Hector Gonzalez*
    HECTOR GONZALEZ
    United States District Judge

Dated: Brooklyn, New York
       December 27, 2024